IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL A. JACKSON,                :
    Petitioner                 :
                                   :    No. 4:96-cr-0200
v.                                 :
                                   :    (Judge Kane)
UNITED STATES OF AMERICA,          :
    Respondent                 :

## MEMORANDUM

Before the Court is Petitioner Michael Jackson's Motion to Correct Sentence under 28 U.S.C. § 2255. (Doc. No. 494.)[1] For the reasons that follow, the Court will dismiss the motion, but will issue a certificate of appealability.

## I. BACKGROUND

On May 22, 1997, a jury found Petitioner guilty of conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine in violation of 21 U.S.C. § 846. (Doc. No. 264.) A Presentence Investigation Report ("PSR"), was prepared, and Petitioner was determined to be a career offender based on two prior convictions for murder and assault with a deadly weapon. (PSR ¶¶ 31, 34 & 36.) Accordingly, the PSR determined Petitioner's sentencing guideline range to be 360 months to life based on a total offense level of 38 and a criminal history category of VI. (PSR ¶¶ 32, 43 & 53.) Petitioner's offense level was based on the guidelines applicable to the drug offense, USSG § 2D1.1. (PSR ¶ 31.) Due to his career offender status, his criminal history category increased from V to VI. (PSR ¶¶ 42 & 43.) The

---

[1] Petitioner submitted a counseled motion to correct sentence on June 18, 2016. Petitioner also submitted a pro se motion to vacate, set aside, or correct sentence on June 30, 2016, raising the same issues identified in his counseled motion. (Doc. No. 496.)

1

Court sentenced Petitioner to 360 months on December 12, 1997. (Doc. No. 361.) Petitioner filed a direct appeal of his sentence, which was affirmed by the United States Court of Appeals for the Third Circuit. (Doc. No. 398.) Petitioner remains in federal custody.

Petitioner submitted a counseled Motion to Correct Sentence on June 18, 2016. (Doc. No. 494.) The motion argues that under the United States Supreme Court's decision in Johnson v. United States, Petitioner no longer qualifies as a career offender, and that his career offender sentence pursuant to USSG §4B1.1 violates due process of law. (Doc. No. 494 at 3-6.) Subsequently, the Court granted the Government's unopposed motion to stay consideration of Petitioner's motion until the Supreme Court issued a decision in Beckles v. United States, 137 S. Ct. 886 (2017). (Doc. No. 502.) After the Supreme Court issued its decision in Beckles, the Court lifted the stay and directed the Government to respond to Petitioner's motion. (Doc. No. 504.) The Government filed its brief in opposition to Petitioner's motion, and Petitioner filed a brief in reply. Accordingly, Petitioner's Motion to Correct Sentence under 28 U.S.C. § 2255 is ripe for decision.

**II.  DISCUSSION**

Under 28 U.S.C. § 2255(a), a federal prisoner may file a motion requesting that the sentencing court vacate, set aside, or correct his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner has one year from the time his conviction becomes final to file a Section 2255 motion. 28 U.S.C. § 2244. AEDPA

provides exceptions to the one-year statute of limitations rule in Section 2255(f), which provides that the one-year statute of limitations begins to run on the date a defendant's conviction becomes final <u>or</u> any one of the following three dates:

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner argues that his Section 2255 motion is timely under Section 2255(f)(3) above because it is based on the Supreme Court's decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), decided on June 26, 2015.[2] In <u>Johnson</u>, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA"), as unconstitutionally void for vagueness. 135 S. Ct. at 2557. Because the career offender sentencing guideline pursuant to which Petitioner was sentenced contains an identically worded residual clause,[3] Petitioner maintains that <u>Johnson</u> applies to the sentencing guidelines, arguing that "[a]though <u>Johnson</u> addressed the residual clause in the ACCA, the decision also applies to the definition of crime of violence set forth in the sentencing guidelines." (Doc. No. 494 at 4.)

---

[2] On April 18, 2016, the Supreme Court held that <u>Johnson</u> is a new substantive rule that is retroactive to cases on collateral review. <u>Welch v. United States</u>, 136 S. Ct. 1257 (2016).

[3] The 2016 Amendments to the Sentencing Guidelines removed the residual clause of USSG § 4B1.2(a)(2). <u>See</u> <u>United States v. Graves</u>, No. 1:15-cr-158-001, 2016 WL 5934205 at *2 (M.D. Pa. Oct. 12, 2016).

3

Essentially, Petitioner is arguing that the right he relies on in his motion as a basis for relief was "newly recognized by the Supreme Court" in Johnson, and therefore, his motion meets the timeliness requirement of Section 2255(f)(3). It is clear that the Supreme Court announced a new rule in Johnson, which was made retroactive in Welch. The relevant question here is whether Johnson's new rule applies to Petitioner's claim under the mandatory sentencing guidelines.

The Supreme Court clarified the scope of Johnson's holding in Beckles v. United States, 137 S. Ct. 886 (2017), where it held that the advisory sentencing guidelines are "not subject to vagueness challenges under the Due Process Clause." Id. at 895. In distinguishing its holding in Johnson, the Beckles Court relied on the difference between mandatory statutes like the ACCA and the discretionary nature of the advisory sentencing guidelines:

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4G1.2(a)(2) therefore is not void for vagueness.

Beckles, 137 S. Ct. at 892.

The Supreme Court's decision in Beckles does not directly govern Petitioner's motion because Petitioner was sentenced in 2001 pursuant to the pre-Booker[4] career offender guideline, when the guidelines were mandatory. In Beckles, the Supreme Court "le[ft] open the question [of] whether defendants sentenced to terms of imprisonment before [Booker] . . . may mount vagueness attacks on their sentences." Beckles, 137 S. Ct. at 903 n. 3 (Sotomayor, J., concurring

---

[4] United States v. Booker, 543 U.S. 220, 245 (2005) (holding that the Sentencing Guidelines were "effectively advisory").

4

in judgment). The Supreme Court found that the issue was not presented by Beckles and accordingly, took "no position on its appropriate resolution." Id.

However, in light of the Supreme Court's holding in Beckles, it is apparent that the right or "new rule" upon which Petitioner's Section 2255 motion relies has not yet been "recognized" by the Supreme Court. This Court joins the many other district courts that have addressed this issue and either dismissed or denied Johnson-based Section 2255 motions challenging the residual clause of the pre-Booker mandatory sentencing guidelines as untimely. See United States v. Blair, No. 1:01-cr-297, 2017 WL 5451714, at *3 (M.D. Pa. Nov. 14, 2017) (dismissing as time-barred a Section 2255 motion based on a vagueness challenge to the pre-Booker mandatory sentencing guidelines); United States v. Loner, No. 1:00-cr-50-1, 2017 WL 5451712, at 4 (M.D. Pa. Nov. 14, 2017) (same); United States v. Wood, No. 4:90-cr-02761, 2017 WL 4167826, at *2 (M.D. Pa. Sept. 20, 2017) (dismissing as time-barred a Section 2255 motion based on a vagueness challenge to the pre-Booker mandatory sentencing guidelines because Johnson did not announce a "new rule" providing relief for such claims); United States v. Ward, No. 01-cr-40050-01-DDC, 2017 WL 3334644, at *2-3 (D. Kan. Aug. 4, 2017) (collecting cases); United States v. Brigman, No. 01-20090-01-JWL, 2017 WL 3267674, at *3 (D. Kan. Aug. 1, 2017) (same); Davis v. United States, No. 16-C-747, 2017 WL 3129791, at *6 (E.D. Wis. July 21, 2017) (denying a Section 2255 motion as untimely because "the Supreme Court has not held that the Guidelines' residual clause is unconstitutionally vague, and [petitioner] cannot assert that this right was 'newly recognized' by the Court in Johnson"); Miller v. United States, No. 2:16cv589DAK, 2017 WL 2937949, at *3 (D. Utah July 10, 2017) ("Because neither the Supreme Court nor the Tenth Circuit has directly recognized a right to modify a sentence

increased under the residual clause of USSG § 4B1.2 before Booker, the court concludes that Petitioner's § 2255 motion is untimely"); United States v. Beraldo, No. 3:16-cv-01092, 2017 WL 2888565, at *2 (D. Or. July 5, 2017) (dismissing Section 2255 motion as untimely because the right not to be subjected to a sentence enhancement pursuant to a vague mandatory Guideline is not the same right recognized in Johnson); Hirano v. United States, No. 16-00686 ACK-KJM, 2017 WL 2661629, at *7-8 (D. Hawaii June 20, 2017); United States v. Autrey, No. 1:16-cv-788, 2017 WL 2646287, at *4 (E.D. Va. June 19, 2017); Mitchell v. United States, No. 3:00-cr-00014, 2017 WL 2275092, at *5 (W.D. Va. May 24, 2017); Hodges v. United States, No. C16-1521JLR, 2017 WL 1652967, at *3 (W.D. Wash. May 2, 2017). Accordingly, the Court will dismiss Petitioner's motion as untimely.[5]

## III. CERTIFICATE OF APPEALABILITY

In proceedings brought under Section 2255, a petitioner cannot appeal to the circuit court unless a certificate of appealability ("COA") has been issued. A court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In other words, a COA should not issue unless "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because "reasonable jurists could debate whether [this] petition should have been resolved in a different manner," id., the Court will grant a certificate of appealability.

---

[5] However, the Court's decision is without prejudice to Petitioner's ability to reassert the claim contained in the instant motion in the event the Supreme Court announces that the pre-Booker mandatory sentencing guidelines are subject to a void for vagueness due process challenge.

## IV. CONCLUSION

Petitioner's motion to correct sentence asks this Court to extend the rule of constitutional law announced by <u>Johnson</u> to the pre-<u>Booker</u> mandatory sentencing guidelines. Because 28 U.S.C. § 2255(f)(3) requires Petitioner's motion to be filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," and because this Court finds that the Supreme Court has not yet recognized a right to challenge the mandatory guidelines as unconstitutionally vague, the Court will dismiss Petitioner's motion as untimely; however, the Court will grant a certificate of appealability on the issue. An Order consistent with this Memorandum follows.

 s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania